STATE OF MISSISSIPPI EX REL. GEORGE T. MITCHELL, DISTRICT ATTORNEY, *v.* JEFFERSON SMITH.

[40 South. Rep., 22.]

1. OFFICIAL BONDS.  *Penalty.*  *Code* 1892, §§ 3055, 275.

Under Code 1892, § 3055, providing that failure to observe any formality shall not vitiate an official bond:

(*a*) The official bond of a member of the board of supervisors, given under Code 1892, § 275, fixing the penalty of such bonds, is valid although a mistake was made in determining the penalty of the bond; and

(*b*) A person who signs what purports and is intended to be an official bond, whether as principal obligor or surety, is bound thereby to the same extent as if the bond were perfect, since the law writes into it all necessary recitals, including the proper penalty.

2. SAME.  *Member board of supervisors.*

The courts take judicial notice that the term of office of a member of the board of supervisors begins on the first Monday in January of a certain year and that the taxes which were collectible for the year immediately preceding had not in fact at that date been collected.

FROM the circuit court of Prentiss county.

HON. EUGENE O. SYKES, Judge.

The state, ex rel., etc., the appellant, was plaintiff in the court below; Smith, the appellee, was defendant there. From a judgment in favor of the defendant the plaintiff appealed to the supreme court; the defendant prosecuted a cross-appeal complaining of the action of the court below in sustaining the plaintiff's demurrers to certain pleas.

The suit was a *quo warranto* proceeding instituted by the state, on the relation of George T. Mitchell, district attorney, seeking to oust Jefferson Smith from the office of member of the board of supervisors of Prentiss county, on the ground that he failed to execute the official bond required by Code 1892, § 275. Said section is as follows:

"Each member of the board of supervisors, before entering upon the duties of his office, shall execute a bond, with sufficient sureties—but neither of them shall be surety for the other—payable, conditioned, and approved as bonds of county officers are required to be, in a penalty equal to five per centum of the sum of all the state and county taxes shown by the assessment rolls and the levies to have been collectible in the county for the year immediately preceding the commencement of the term of office of said member," etc.

The petition charges that the defendant, appellee here, gave bond in the sum of $800, which was not equal to five per centum of the taxes for the preceding year. On the hearing of the case the defendant filed three special pleas in confession and avoidance. By the first of these, defendant set up that the president of the board of supervisors and the chancery clerk had accepted and approved the bond in the penalty of $800, as provided in Code 1892, § 3057, and in so doing performed a judicial act, thereby vesting the title to the office in the defendant. The second of these pleas set up that after the commencement of this suit defendant executed a bond in the penalty of $1,500, which

amount was and is equal to five per centum of said taxes. The third special plea set up that before the institution of this suit defendant executed a bond in the penalty of $500, and same, with said bond of $800, was equal to five per centum of the sum of the state and county taxes for the preceding year. The state demurred to the three special pleas, and the court sustained the demurrers to the second and third pleas, but overruled the demurrer to the first, and dismissed the petition.

Code 1892, § 3055, contains the following provision:

"But a failure to observe the form herein prescribed shall not vitiate any official bond; and all official bonds shall be valid and binding, in whatever form they may be taken, except so far as they may be conditioned for the performance of acts in violation of the laws or policy of the state; and whether in the proper penalty or without any penalty, or whether correct or incorrect in its recitals as to the term of office or otherwise, or whether properly payable, or whether approved by the proper officer or not approved by any, or if irregular in any other respect, such bond, if delivered as the official bond of the officer, and serving as such, shall be obligatory on every one who subscribed it for the purpose of making the official bond of such officer to the full penalty, or, if it have no penalty, to the full penalty of the bond which might have been required."

*George H. Strange; R. V. Fletcher,* assistant attorney-general; *George T. Mitchell,* district attorney; and *T. D. Young,* for appellant and cross-appellee.

If no bond had been given, appellee would have no title to the office. The bond which he did execute was not the bond "required by law;" is the act of approval of the bond judicial in character and final?

Opposing counsel rely solely on the cases of *Shotwell* v. *Covington,* 69 Miss., 735 (s.c., 12 South. Rep., 260); and *Swan* v. *Gray,* 44 Miss., 393. Both these were cases wherein it was sought to coerce the approving officer by mandamus, and are

not authority by which the case at bar should be determined, because mandamus does not lie to compel an inferior officer or tribunal to act in any given way, if there is involved an exercise of judgment and discretion. In passing on the solvency of sureties and their sufficiency it is necessary to exercise both judgment and discretion.

In the case at bar neither judgment nor discretion was necessary in order to determine the penalty of appellee's bond, for it was only necessary to make a simple calculation of five per cent of the amount of the state and county taxes collectible in the county for the year 1903, not based upon what the approving officers might conclude was "collectible," but by the very words of the statute it is provided that the computation shall be made on the basis of the taxes shown to be collectible by the "assessment rolls of the county and the county levy." If the act of computing five per cent of a given quantity is not ministerial, when the direction is commanded in the form of statutory law, it would be difficult to name an example, or illustration, of an act ministerial in its character. The very term itself—"ministerial"—suggests the performance of an act by one party or tribunal wherein the direction of the manner of performance, and the method and date of doing the act, are prescribed and set out by some other, or higher, authority. This is precisely what was done or required to be done in ascertaining the penalty of appellee's bond. Code 1892, § 275, provides that the bond shall be in a penalty of five per cent of the taxes collectible in the county for the year immediately preceding the commencement of appellee's term. All the approving officers had to do was to make a simple calculation. This was ministerial, and in the case of *Howe* v. *State,* 53 Miss., 66, this court held that such an act could be looked into and set aside, even when approved by the full board of supervisors sitting as a court, because the act was not judicial. If the question of the defect in the penalty of the bond had been involved in the Shotwell case and his bond

had been in the proper penalty, the court certainly would have granted him a peremptory mandamus.

The truth is, the approving officers have no power or authority except that conferred on them by statute. It is in the nature of a special power, and in its exercise they are bound by all authority to a very strict compliance of the law under which their power is exercised. If their exercise of the power is in any respect violative of the law or fails to comply with all its provisions, then it is absurd to contend that a judgment thus rendered, palpably illegal and void on its face, cannot be inquired into and corrected in any proceeding designated by the law, either mandamus or *quo warranto.*

To sustain the contention of appellee in this case would overturn the policy of the state, confer upon two petty officials the power to nullify the laws of the state, and open up an avenue for all kinds of graft and corruption to unscrupulous and designing officials. It would open up a possibility for some official— say a treasurer or a tax collector—to rob the public, and it is and has been the policy of this state and its courts to so enact and construe laws as to make it impossible for public officials to defraud the public.

*E. C. Sharp,* and *Boone & Curlee,* for appellee and cross-appellant.

The president of the board of supervisors and the clerk of the chancery court are vested with the power and authority to ascertain the proper penalty and to approve official bonds, and, if necessary, may take evidence to enable them to arrive at a decision on the matter. Code 1892, § 3060. Their approval or refusal to approve is final. *Shotwell* v. *Covington,* 69 Miss., 735 (s.c., 12 South. Rep., 260).

The contention of appellant that the bond of $800 is void and invalid—a nullity—cannot be correct; for Code 1892, § 3055, provides that "all official bonds shall be valid and binding, in whatever form, . . . and whether in the proper penalty or

without any penalty." Under this section, the bond given by appellee is valid and binding, and confers title to the office.

Section 3062 provides what can be done in case the bond or the sureties be found to be insufficient: a new bond in the proper penalty can be demanded. And in this case a bond in the proper penalty was given before suit was brought.

Approval of the bond by the approving officer is a judicial, and not a ministerial, act. 52 Ala., 87.

Where the duty is such as necessarily requires examination of evidence on a decision of a question of law and fact, such a duty is a judicial act. *Wailes* v. *Smith,* 76 Md., 409.

The case of appellee clearly comes within the rule here laid down, for in this case the penalty in dollars and cents is not prescribed by law. It is the duty of the president of the board of supervisors and the clerk of the chancery court to take evidence and ascertain (1) what the proper penalty should be—that is, what is five per cent of the state and county taxes for the preceding fiscal year; (2) whether or not the bond tendered for their approval is in the proper penalty, and, if so, whether or not the sureties are worth the amount for which they are liable in land owned and held by the sureties in their own name and right, as required by Code 1892, § 3058, and from such officers' decision upon these matters there is no appeal.

. Mandamus may be used to compel an inferior tribunal to act on a matter within its discretion, but not to control its discretion while acting nor to reverse its decision when made. *In re Burtis,* 103 U. S., 238.

Mandamus will not lie to control the exercise of the discretion of the court, board, or officers, when the act complained of is either judicial or *quasi* judicial in its nature. The inferior tribunal may be compelled to act in such cases, if it unreasonably neglects or refuses to do so; but its acts, however erroneous, cannot be questioned or controlled by mandamus. *State* v. *Boggs,* 33 W. Va., 589.

Argued orally by *R. V. Fletcher,* and *George H. Strange,* for appellant, and by *J. M. Boone,* for appellee.

TRULY, J., delivered the opinion of the court.

All official bonds are governed by Code 1892, § 3055. That section provides that a failure to observe or comply with any formality shall not vitiate any official bond, but all such bonds shall be valid and binding—and this, too, whether the bond is made in the proper penalty, or without any penalty, or whether correct or incorrect in any of its recitals. It was the intent of the legisature, in our judgment, that when sureties sign any official bond, whether an incorrect penalty be inserted or no penalty at all, by such signing they become obligated "to the full penalty of the bond which might have been required." Under this view it becomes immaterial whether the proper officer, judicially determining the amount of the penalty which ought to be inserted in bonds for members of boards of supervisors, under Code 1892, § 275, makes a correct calculation or not, because by operation of law, upon the signing and approval of the bond, the state is protected to the full extent of whatever the legal penalty should be. One who enters into office, and the sureties on his official bond by virtue of which he enjoys the office, are alike estopped to deny the validity of the bond executed by them, and this estoppel applies as well to the amount of the penalty as to any other misrecital in the obligation. To hold, as contended by appellant, that any mistake in calculation or error of judgment on the part of the approving officer of the amount of the penalty of the bond to be arrived at under the vague and indefinite provisions of sec. 275 would vacate the office, in the eye of the law, would lead to endless confusion and difficulty. It would be difficult, if not practically impossible, to ascertain with mathematical certainty the exact amount to be inserted as the penalty of a bond under that section. It provides that the penalty shall be "equal to five per centum of the sum of all the state

and county taxes shown by the assessment rolls and the levies to have been collectible in the county for the year immediately preceding the commencement of the term of office of said member." The court will take judicial knowledge that the term of office began on the first Monday in January of a certain year, and all the taxes which are "collectible" for the year immediately preceding have not, in fact, at that date been collected. Waiving all consideration of any uncertainty which might arise under the wording of the statute, it would still be a difficult matter to determine the exact amount of the taxes lawfully collectible appearing on the "rolls and the levies." It might happen that there were double assessments of lands or personalty, or other errors, whereby the amount shown by the assessment rolls and levies would not be the true amount, and many other discrepancies might exist which will occur to the mind without specific enumeration. We cannot hold that it was the legisative design that a mere error in a calculation by the officer should result in the vacating of the office and overthrowing the result of the election, especially in view of our conclusion that the state runs no risk of loss, because protected by the provisions of sec. 3055.

If a person elected fails to give any official bond, or fails to have the official bond which he does give approved by the proper officer, he cannot lawfully be inducted into office; but if he honestly undertakes to comply with the law, and gives the bond which he is directed by the proper officer is the correct bond, with proper sureties, and that bond is approved, and he otherwise qualifies, he is protected in the enjoyment of his office, and the state is protected against possible default or malfeasance or misfeasance by the bond so given, without regard to its form or the correctness of its recitals. When one signs what purports and is intended to be an official bond, whether as principal obligor or surety, the law writes in all necessary recitals, including proper penalty. No other interpretation of the statute can subsist

without disturbing the whole governmental system and ignoring the plain intendment of the legislative department.

We think the action of the learned court below was correct upon both direct and cross appeal. It must be observed that we decide this case without reference to the provisions of sec. 82 of the constitution, and without expressing any opinion as to the constitutionality or legal effect of Code 1892, § 275, if challenged in the light of that constitutional provision.

*The judgment is affirmed on direct and cross appeal.*